IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| DELVIN STAFFORD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | 1:23CV1121 |
| UNKNOWN NCDPS OFFICIALS, | ) |  |
| Defendant(s). | ) |  |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a filing in which he claims that North Carolina prison officials violated his constitutional rights in several ways. Given the nature of the filing, the Court treated the filing as a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

3. Plaintiff does not name proper defendants or give sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present

Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court also notes that Plaintiff may be attempting to challenge the legality of his detention pending a potential parole revocation hearing or the disposition of a pending criminal charge for possession of a firearm. If so, he should not file under § 1983, but must instead file a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. If Plaintiff seeks to file a habeas action, he should first request the proper forms from the Clerk's Office. However, he should also be aware that federal courts typically abstain from intervention in pending state criminal proceedings. To avoid abstention, a plaintiff must demonstrate that the state courts will not afford an adequate remedy and that irreparable injury will occur without equitable relief. Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 5th day of January, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**